UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WIELENE BROWN | CIVIL ACTION |
| VERSUS | NO: 05-3982 |
| TANGIPAHOA PARISH SCHOOL SYSTEM ET AL | SECTION: "R"(2) |

**ORDER AND REASONS**

Before the Court is plaintiff's appeal of the magistrate judge's ruling denying plaintiff leave to file her first amended complaint and to add additional defendants. For the following reasons, the Court AFFIRMS the ruling of the magistrate judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wielene Brown, an African-American woman, is an employee of the Tangipahoa Parish School System. Since she was first hired in 1982, Brown mostly has held teaching positions in the school district. This lawsuit stems from her attempts to move into an administrative position. Brown alleges that since she received the necessary certification to be an administrator in 1994, she has applied for and not received several

administrative positions within the school district because of discriminatory hiring practices. On September 28, 2001, Brown filed a complaint against the Tangipahoa Parish School Board with the United States Equal Employment Opportunity Commission alleging discrimination on the basis of her race, gender, and age under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. In her charge of discrimination to the EEOC, Brown claims that she was not promoted to either principal or assistant principal at Hammond Eastside Upper Elementary School during the summer of 2001 because of her age, race, and sex. On January 30, 2002, the EEOC determined that no information obtained could establish a violation of the statutes, and issued a notice of suit rights. Brown did not file a suit in state or federal court on these allegations.

On August 18, 2005, Brown filed this suit under 42 U.S.C. §§ 1981 and 1983 against the school district and Bruce Bankston, the principal of Hammond Eastside Upper from 2001 to 2005, alleging that she had been discriminated against on account of her race. Brown asserts that white candidates in the school district had been provided more promotional opportunities, even though she had equal or in some cases better credentials than those white candidates. Brown also claims that, since she filed the EEOC

complaint, she was denied employment opportunities on equal terms and conditions with those of whites similarly situated. Specifically, Brown alleges that she was demoted from her administrative position at Hammond Eastside Upper following the 2004-05 school year as punishment for the manner in which she disciplined African-American children as opposed to white children. Brown seeks compensatory and punitive damages, as well as reasonable attorney's fees and costs.

On January 9, 2006, defendants filed an answer to this complaint, in which they denied the plaintiff's allegations. On January 19, 2006, this Court issued a scheduling order for this matter that set February 21, 2006, as the deadline for amendments to pleadings. The Court also set the pretrial motions deadline for September 20, 2006, and a trial date of November 6, 2006. On August 29, 2006, plaintiff filed with the magistrate judge a motion for leave to file an amended complaint. The proposed amended complaint adds a claim under 42 U.S.C. §§ 1981 and 1983 for discrimination on account of plaintiff's gender. The proposed amended complaint also adds a new defendant, Louis Joseph, the superintendent of the Tangipahoa school system, and a cause of action against Joseph for retaliation based on her filing of the EEOC claim and this lawsuit. The defendants objected to the proposed amended complaint. On September 21,

2006, the magistrate judge issued an opinion denying plaintiff's motion for leave, citing the length of time that had passed since the scheduling order deadline for amending pleadings, the relative unimportance of the amendments, and the substantial prejudice that would accrue to the defendants by allowing the amended complaint. Plaintiff now seeks review of the magistrate judge's opinion. At issue here is whether the magistrate judge was correct in ruling that Brown could not amend her complaint at this late date. Plaintiff argues that the magistrate judge's ruling was an erroneous interpretation of the law.

## II. DISCUSSION

### A. Legal Standard

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a). In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to law. *Id.*; *see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995). "A motion to review is appropriate when a magistrate judge has

obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Henry's Marine Serv., Inc. v. Fireman's Fund Ins. Co.*, 2004 WL 242292, at *2 (E.D. La. Feb. 5, 2004) (quoting *Caringal v. Kateria Shipping, Ltd.*, 2001 WL 41015, at *1 (E.D. La. Jan. 12, 2001)).

**B. Analysis**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, where the Court has entered a scheduling order setting forth a deadline for the amendment of pleadings, Rule 16(b) provides that the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. Rule Civ. P. 16(b). The Fifth Circuit has explicitly held that Rule 16(b)'s more stringent standard of good cause "governs amendments of pleadings after a scheduling order deadline has expired." *S&W Enter., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). Once a scheduling order has been issued by the district court and a deadline has passed, Rule 16(b) applies and the good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of

the party needing the extension." *S&W Enter.*, 315 F.3d at 535 (citations and quotations omitted). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. This Court issued a scheduling order on January 19, 2006. (R. Doc. 10). The scheduling order specifically provided that amendments to pleadings "shall be filed no later than February 21, 2006." (*Id.*). Because the deadline to amend pleadings had passed by more than six months when plaintiff filed her amended complaint, the Court finds that the more stringent standard of Rule 16(b) applies to Brown's motion for leave and that Brown must demonstrate "good cause" in order to merit leave in this case.

In the context of allowing untimely amendments to pleadings, the Fifth Circuit has devised a four-part test to review a district court's order denying leave. *See S&W Enter.*, 315 F.3d at 536. The Court must consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

The magistrate judge denied plaintiff's motion for leave because plaintiff did not offer a persuasive explanation for the failure to timely amend her complaint. (R. Doc. 38, at 2). In addition to the fact that plaintiff did not amend until more than six months after the scheduling order deadline had passed, the magistrate judge noted the proximity of the deadline for completion of discovery and the scheduled dates of the pretrial conference and trial. As a result, the magistrate judge found that substantial prejudice would result to the defendants "since insufficient time remains to conduct discovery and otherwise prepare for trial as to the new claim and the new defendant." (*Id.*). The magistrate judge also found that at least part of the proposed amendment was unimportant because the new gender discrimination claim would be barred by failure of the plaintiff to exhaust EEOC remedies. (*Id.*). Given these factors, the magistrate judge therefore held that the plaintiff did not establish good cause to permit the proposed amended complaint after the scheduling order deadline under Rule 16.

On appeal, the plaintiff argues that the magistrate judge's ruling was erroneous for four reasons: (1) the proposed amended complaint would not affect the scheduling order; (2) there is no prejudice to the defendants in allowing the amendments; (3) the evidence that precipitated the proposed amendments could not have

been discovered except through discovery; and (4) the plaintiff does not need to exhaust EEOC remedies in Sections 1981 and 1983 claims. This Court finds that none of the plaintiff's arguments demonstrate that the magistrate judge's ruling was clearly erroneous or contrary to law. In arguing that her amended complaint would not prevent the parties from meeting their deadlines under the scheduling order, plaintiff ignores the impact and prejudice that permitting her amended complaint would have on the defendants' ability to prepare for trial and meet their obligations under the scheduling order. At the time that plaintiff filed her motion for leave with the magistrate judge, the parties had already conducted extensive discovery, including the taking of nine depositions. Significantly, the plaintiff Wielene Brown, the named defendant Bruce Bankston, and the new proposed defendant Louis Joseph, were among those who had already been deposed.

Permitting the plaintiff to add an entirely new claim for gender discrimination at the end of the discovery period would likely necessitate re-starting discovery and re-deposing some figures in this case. This would undoubtedly frustrate the remaining deadlines in the scheduling order. It would also force the defendants to spend time and money that they otherwise would not have spent had they known of the plaintiff's proposed

amendments earlier in the discovery process. As the Fifth Circuit has held, "when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts [of appeal] are less likely to find an abuse of discretion due to the prejudice involved." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Here, where the parties have focused on race discrimination for nearly the entire discovery period, but the plaintiff seeks to add a new claim for gender discrimination at the end of discovery, the Court does not find that the magistrate judge abused his discretion in denying plaintiff's motion for leave.

Furthermore, plaintiff has presented no specific reasons either to the magistrate judge or this Court as to why the gender discrimination claim or the claims against Superintendent Joseph could not have been raised at the outset of this litigation. The Fifth Circuit has stated that, in exercising its discretion to deny leave to amend a complaint, a trial court may consider "whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). Here, the Court notes that Brown filed a gender discrimination claim

against the school district with the EEOC in 2001 for its failure to promote her to various administrative positions. While the specific positions for which Brown has applied have changed since then, the core of her complaint seemingly remains the same. The Court further notes that Superintendent Joseph was serving in the same capacity as Brown's superior when she filed her complaint in 2005, and that Brown seemingly accuses Joseph of retaliation in her original complaint, but fails to name him as a defendant. While the Court does not presume that plaintiff should have known all of the relevant facts at the outset of this litigation, the Court agrees with the magistrate judge that plaintiff could have offered these amendments long before August 29, 2006, as the underlying facts were known to plaintiff when she filed suit. Plaintiff certainly has not indicated to either the magistrate judge or this Court what specific evidence she discovered that led her to bring these new claims, and explains her delay in doing so.

Finally, while the Court agrees with plaintiff that EEOC involvement is not necessary in a suit based on gender discrimination brought under Sections 1981 and 1983, plaintiff still has not demonstrated good cause based on the importance of the proposed amendments. It is well established that leave to amend should be denied when the amendment would be futile. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). Amendment is considered futile if the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Here, 42 U.S.C. § 1981 does not allow for a cause of action based on gender discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976); *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340 (5th Cir. 1981). As for plaintiff's gender discrimination claim under 42 U.S.C. § 1983, plaintiff has failed in her amended complaint to allege any facts pertaining to her claim of gender discrimination. She merely adds the word "gender" at the outset of her complaint, but pleads no supporting allegations. Because the plaintiff has not alleged any set of facts to support her claim that would entitle her to relief, it would not survive a Rule 12(b)(6) motion, and thus amendment is futile. The Court therefore finds that plaintiff has not demonstrated that the magistrate judge's decision denying her leave to file an amended complaint was clearly erroneous or contrary to law.

**III. CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the ruling of the magistrate judge.

New Orleans, Louisiana, this 23rd day of October, 2006.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT COURT